**In re 7003 BISSONNET, INC. dba Frenchmen's Creek Apartments, Debtor.**

**Bankruptcy No. 91–47151–H5–11.**

United States Bankruptcy Court, S.D. Texas, Houston Division.

Sept. 30, 1992.

Samuel McKinney, McKinney & McKinney, Bellaire, TX, for debtor.

## ORDER REGARDING PAYMENT OF AD VALOREM TAXES AS POST-PETITION ADMINISTRATIVE EXPENSE

KAREN KENNEDY BROWN, Bankruptcy Judge.

Before the Court is debtor's Motion for Authority To Pay 1991 Ad Valorem Taxes and the First Amended Application for Payment of Taxes as Post-petition Administrative Expenses filed by Carl S. Smith. At issue is whether debtor's 1991 ad valorem real property taxes are payable as a post-petition administrative expense or are to be treated otherwise. This Court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 151, 28 U.S.C. § 157(a) and (b)(1) and the Order of Reference for this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B). The Court makes the following findings of fact and conclusions of law regarding the ad valorem taxes at issue.

### Findings of Fact

1. Debtor filed its petition for relief under Chapter 11 of the Bankruptcy Code on September 3, 1991.

2. Carl S. Smith Assessor/Collector of Taxes for Harris County–State of Texas and as collection agent for other related taxing authorities claims that debtor is liable for an administrative claim for ad valorem real property taxes for the year 1991 in the amount of $50,245.55 plus a penalty for April 1992, of $5,527.01 for a total of $55,772.56.

3. The tax bill at issue states on its face "taxes payable Oct. 1 thru [sic] Jan. 31 — 0— penalty and interest after Jan. 31."

### Conclusions of Law

1. Section 503(b)(1)(B)(i) and (C) of the Bankruptcy Code provide that there shall be allowed as an administrative expense any tax incurred by the estate, except a tax of a kind specified in section 507(a)(7) of this title, and any fine, penalty, or reduction in credit relating to such tax.

2. Section 507(a)(7)(B) provides that seventh priority treatment shall be accorded a property tax assessed before the commencement of the case and last payable without penalty after one year before the date of the case.

3. "Assessment" of a tax in Texas has been found to include not only the valuation of the property to be taxed but also the fixing of the liability of the taxpayer. *See In re Davis,* 11 B.R. 621 (Bankr. N.D.Tex.1981) and the cases cited therein.

4. Proration of a tax to determine the amount owed pre-petition versus post-petition is an appropriate method of determining the amount of tax incurred by the estate for purposes of Bankruptcy Code section 503(b)(1)(B)(i). *See In re Brent Explorations, Inc.,* 91 B.R. 104 (Bankr. D.Colo.1988).

5. The taxes at issue were assessed post-petition on October 1, 1991.

6. Since the taxes were assessed post-petition and were last payable without penalty after the filing of the petition (January 31, 1992), they are not the type of tax specified under section 507(a)(7)(B) of the Bankruptcy Code and are, therefore, an allowed administrative expense under section 503(b)(1)(B)(i) to the extent they were incurred by the estate.

7. The Court finds that of the $50,245.55 claimed, the amount of 1991 tax incurred pre-petition is $33,726.46, and the amount of 1991 tax incurred by the estate post-petition is $16,519.10.

8. The penalty portion of the tax, whether construed as interest or as a penalty, properly follows the administrative status of the tax itself under Bankruptcy Code section 503(b)(1)(C). *See Irving Independent School Dist. v. Packard Properties,* 970 F.2d 58 (5th Cir.1992) (holding penalty on Texas taxes after August 26, 1991 is actually interest); *In re Pointer,* 952 F.2d 82 (5th Cir.1992), *reh. den., cert. den. Pointer v. Carrollton–Farmers Branch Independent School Dist.,* — U.S. —, 112 S.Ct. 3035, 120 L.Ed.2d 904 (1992) (holding oversecured creditor is entitled to interest); and *In re Pioneer Title Bldg., Ltd.,* 133 B.R. 822 (Bankr.W.D.Tex. 1991) (holding interest and penalties follow the administrative status of the tax).

9. Since the penalty is for April 1992, the Court finds that it was incurred entirely by the estate post-petition.

10. Based on the foregoing, the Court holds that there shall be an allowed administrative expense for 1991 ad valorem real property taxes incurred after September 3, 1991, in the amount of $16,519.10 plus penalty of $5,527.01. The Court further holds that debtor may pay such amount to the appropriate tax collector.